(Judge Adams, of the fifth circuit, sitting in place of Judge Marvin.)

### SUSAN LEBER v. KELLEY ISLAND LIME AND TRANSPORTATION CO. ET AL.

1. RULE AS TO DIRECTING VERDICTS.

Where, in actions for personal injuries, the facts relating to the contributory negligence of plaintiff are undisputed, or free from doubt, and from such facts only one proper inference can be drawn, that of negligence of plaintiff, the judge may direct a verdict. But if the facts are doubtful, or such that different minds might differ about the proper inference to be drawn therefrom, the case should go to the jury.

2. RULE APPLIED—ERROR IN DIRECTING VERDICT.

In an action against a property owner and a city to recover for personal injuries from falling on an icy sidewalk, at a point where water was discharged from a spout and ice had accumulated, where plaintiff explicitly stated that the sidewalk was covered with snow and that she did not know that the ice was there, and the evidence must be weighed to determine the question of contributory negligence, it was error for the court to direct a verdict for defendant.

3. EVIDENCE NOT CONCLUSIVE OF CONTRIBUTORY NEGLIGENCE.

Evidence, in such an action, of prior knowledge of the accumulation of ice at a point where a spout discharged water on the sidewalk, bears on the question whether plaintiff knew of the dangerous condition of the sidewalk at the time of the accident, but is not conclusive evidence of contributory negligence.

HEARD ON ERROR.

*Olds & Willett*, for plaintiff in error.

*Squire, Sanders & Dempsey*, for defendants in error.

ADAMS, J.

Susan Leber was the plaintiff below. The action against the defendants in error was to recover damages for personal injuries received by

her on February 26, 1898, by falling on an icy sidewalk in front of the premises of the Kelley Island Lime and Transportation Company, on Purdy street in this city. She alleges that the building of this defendant was provided with three pipes or down-spouts, which conducted the water from the roof of the building and discharged it on the sidewalk, where it froze, about a month prior to the accident, and that on the date of the accident the ice was covered with snow. That she had no knowledge of the dangerous condition of the sidewalk at that point, and that she stepped on the ice; slipped and fell and was injured.

The petition charges that the Kelley Island Lime and Transportation Company was negligent in maintaining the pipes and discharging the water on the sidewalk so as to cause the accumulation of ice dangerous to persons passing along the sidewalk.

The city of Cleveland is charged with negligence in that it failed to clear the sidewalk of the ice after it knew, or had opportunity to know, that dangerous condition of the sidewalk.

The defendants, by separate answers, deny all the allegations in the amended petition, except the incorporation of defendants, and allege contributory negligence, which is denied by the reply.

At the close of plaintiff's testimony, the defendants moved the court to arrest the testimony from the jury and to direct a verdict for the defendants. The court directed a verdict for the defendants; and plaintiff saved her exception and filed her motion for a new trial, which was overruled. Final judgment having been rendered, error is prosecuted, and the sole question is the action of the court in directing a verdict.

The questions argued do not relate to the negligence of the defendants, but to the contributory negligence of plaintiff.

No question was made, and probably none could be made, as to the sufficiency of the evidence of the negligence of the defendants to entitle the plaintiff to go to the jury on that question.

In Shaefler v. Sandusky, 33 Ohio St., 246, the court lays down the rule that one who voluntarily attempts to pass over a sidewalk of a city, which he knows to be dangerous by reason of ice upon it, which he might easily avoid, can not be regarded as exercising ordinary prudence, and therefore can not maintain an action against the city to recover for injuries sustained by falling upon the ice, even if the city would otherwise be liable.

Again, in Village of Conneaut v. Naef, 54 Ohio St., 529, the same holding is made, "if the source of danger is plainly visible."

This case against the city of Cleveland is not controlled by Chase v. Cleveland, 44 Ohio St., 505. There the ice and snow accumulated on the sidewalk from natural causes; here it is otherwise.

If the facts relating to the contributory negligence of plaintiff are undisputed, or free from doubt, and from them only one proper inference can be drawn, that of negligence of plaintiff, it is a question for the court and the court may direct a verdict; but if the facts are doubtful, or such that different minds might differ about the proper inference to be drawn therefrom, it is a case to be submitted to the jury. Railway Co. v. Murphy, 50 Ohio St., 135; McCarty v. B. & O. Ry. Co., 11 Circ. Dec., 229.

The evidence tended to show that plaintiff knew these spouts discharged water on the sidewalk for a long time prior to the accident, causing accumulations of ice when the weather was cold enough. The

statement in her original petition, " that she attempted to walk over said icy sidewalk and used great care in so doing to avoid falling," was in evidence. There was evidence tending to show that she had no other convenient way to go from her home to Lorain street.

The questions to be determined were : At the time of the accident did she know of the dangerous condition of the sidewalk, or was the source of danger plainly visible ?

Evidence of prior knowledge would bear on these questions although not conclusive.

On the other hand, plaintiff says that the sidewalk was covered with snow and she says explicitly that she did not know the ice was there. Under these circumstances, the evidence must be weighed to determine the contributory negligence of plaintiff. This the court may not do.

It follows that the court erred in directing a verdict, and the judgment is reversed with costs; and cause remanded for a new trial.

---

## PARTNERSHIP—SALES.

[Cuyahoga Circuit Court, January, 1901.]

Caldwell, Hale and Adams, JJ.

(Judge Adams, of the fifth circuit, sitting in place of Judge Marvin.)